

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ALONZO C. JETER, III,<br>　　　Plaintiff,<br><br>vs.<br><br>JOSEPH DERHAM COLE, SR., J. MARK HAYES, II, RALPH KEITH KELLY, ALAN MCRORY WILSON, CHELSEY FAITH MARTO, BRANDY W. MCBEE, JEAN HOEFER TOAL, DONALD W. BEATTY,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§　Civil Action No. 7:23-0097-MGL<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING IN PART AND HOLDING IN ABEYANCE IN PART
THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR
PRELIMINARY INJUNCTION,
AND REFERRING MOTIONS TO THE MAGISTRATE JUDGE**

　　Plaintiff Alonzo C. Jeter, III (Jeter), who is representing himself, filed an amended complaint in this civil rights action against the above-named Defendants.

　　This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court deny Jeter's motion for a temporary restraining order or preliminary injunction and dismiss this matter without prejudice, without leave to amend, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 31, 2023. The Clerk's Office docketed Jeter's objections on November 30, 2023. Jeter also filed a motion to amend his amended complaint and a motion for attachment of exhibits.

As an initial matter, Jeter fails to object to denial of his motion for a temporary restraining order or preliminary injunction. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Finding no clear error, the Court will deny that motion without objection.

Because Jeter filed several motions with his objections, the Court will refer this matter back to the Magistrate Judge to rule on those motions and hold the remainder of the Report and Jeter's objections in abeyance.

If the Magistrate Judge denies the motion to amend, the Court will consider the remainder of the Report as it relates to recommended dismissal of the amended complaint. If the Magistrate Judge grants to motion to amend, the remainder of the Report will be deemed as moot.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report as it relates to Jeter's motion for a temporary restraining

order or preliminary injunction and incorporates it herein.  The remainder of the Report and Jeter's objections are **HELD IN ABEYANCE**.

Therefore, it is the judgment of the Court Jeter's motion for a temporary restraining order or preliminary injunction is **DENIED** and the pending motions are **REFERRED** to the Magistrate Judge.

**IT IS SO ORDERED**.

Signed this 13th day of December 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.